# In the United States Court of Federal Claims

No. 17-305
(Filed: April 19, 2023)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RYAN PIERRE TURNER, | * |
| Plaintiff, | * |
| v. | *   The Equal Access to Justice Act; Attorney Fees; Remand; Prevailing Party; Administrative Error. |
| THE UNITED STATES, | * |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Joseph Fellows*, Mobile, AL, counsel for Plaintiff.

*Mikki Cottet*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant. With whom was *Lt. Col. Jahn C. Olson*, U.S. Marine Corps, Office of the Judge Advocate General, Department of the Navy, of counsel.

## OPINION AND ORDER

**DIETZ, Judge.**

Before the Court is a motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA") filed by plaintiff, Ryan Pierre Turner. The government opposes Mr. Turner's motion, arguing that he is not entitled to an award of attorney fees because he has failed to establish financial eligibility, he does not qualify as a prevailing party, and the government's position in defending against this litigation was substantially justified. The government also challenges Mr. Turner's requested attorney fees as unreasonable and unsupported. The Court finds that Mr. Turner does not satisfy the prevailing party requirement under the EAJA, and, therefore, he is not entitled to attorney fees.[1] Therefore, Mr. Turner's motion for attorney fees is **DENIED**.

**I.   BACKGROUND**

Mr. Turner served in the United States Marine Corps from July 17, 2007, until he was honorably discharged on July 30, 2014. Board for Correction of Naval Records ("BCNR") Decision, July 15, 2017 [ECF 12] at 1-2.[2] During his service, Mr. Turner was subjected to racial discrimination, and such discrimination led to adverse fitness reports and a loss of rank. *Id.*;

---

[1] Because the Court finds the Mr. Turner is not a prevailing party and therefore is not entitled to an award of attorney fees, the Court does not reach the government's challenge to Mr. Turner's financial eligibility, its argument that its position was substantially justified, or its argument that the fees are unreasonable and unsupported.

[2] All page numbers cited herein refer to the page number generated by the CM/ECF system.

Transfer Compl. [ECF 4] ¶ 12. Mr. Turner filed an equal opportunity complaint alleging racial discrimination and petitioned the BCNR for corrective action. [ECF 12] at 1-2. Mr. Turner's equal opportunity complaint was subsequently substantiated after an investigation. *Id.* at 1. Thereafter, the Performance Evaluation Review Board and the BCNR took corrective action to, among other things, remove derogatory documents from his record, restore his promotion, and award full separation pay. *Id*. at 2.

On May 16, 2016, Mr. Turner filed a *pro se* complaint against the United States Marine Corps in the Southern District of Alabama ("District Court"), in which he alleged racial discrimination, negligence, wantonness, libel, and wrongful termination. *See Turner v. United States*, 2016 WL 7404865, at *1 (S.D. Ala. Dec. 21, 2016). Shortly thereafter, Mr. Turner retained counsel. Pl.'s Reply, [ECF 80] at 2. On December 21, 2016, the District Court dismissed each of Mr. Turner's claims except for his wrongful termination claim. *See Turner*, 2016 WL 7404865, at *1-*2. The District Court transferred his wrongful termination claim to the United States Court of Federal Claims because it possesses exclusive jurisdiction under the Tucker Act over Military Pay Act claims over $10,000. *Id.* at *2-3; 28 U.S.C. § 1491(a)(1).

On April 4, 2017, Mr. Turner filed a transfer complaint seeking "just compensation from the United States for his wrongful termination." [ECF 4] ¶ 1. On May 1, 2017, this Court granted a joint motion to remand Mr. Turner's case to the BCNR for consideration of his requests for additional relief related to his service in the United States Marine Corps. Remand Order [ECF 7]. On June 7, 2017, the BCNR denied Mr. Turner's request for relief because "the Board found the evidence submitted was insufficient to establish the existence of probable material error or injustice" and "conclude[ed] prior BCNR action was sufficient to remedy alleged injustices." [ECF 12] at 2. However, the BCNR advised Mr. Turner that he is "entitled to have the Board reconsider its decision upon the submission of new and material evidence" or "a new Board if [he] request[s] different relief." *Id*. at 3. Based upon a series of subsequent petitions filed by Mr. Turner, the BCNR ultimately granted various forms of additional relief. *See* Sept. 5, 2017, BCNR Decision, [ECF 14] at 3 (granting Mr. Turner: reinstatement in the United States Marine Corps; active duty pay as if he were not discharged; removal from his record of any failure of selection to staff sergeant; and consideration by an enlisted remedial selection board ("ERSB") for promotion); Dec. 5, 2017, BCNR Decision [ECF 18] at 2 (granting an extension of time for Mr. Turner to reenlist);[3] Apr. 19, 2021, BCNR Decision [ECF 56] at 4 (correcting Mr. Turner's primary military occupation specialty to Motor Transport Operations Chief to make Mr. Turner eligible for consideration of promotion to Gunnery Sergeant). The BCNR granted the last of its relief on April 19, 2021. *See* [ECF 56].

The government filed a status report on April 22, 2021, stating that, based on the latest BCNR decision, "Mr. Turner has now received all relief that the Court could grant him." Def. Status Rep. [ECF 57] at 2. However, Mr. Turner advised in his RCFC 52.2(e) notice that the government's action on remand did not afford him a satisfactory basis for disposition of the case because he "has not been made whole." See [ECF 62] at 1. To address the parties' respective positions post remand, the Court ordered Mr. Turner to file a motion for leave to amend his

---

[3] As of September 16, 2019, Mr. Turner has been reinstated in the United States Marine Corps and is stationed at Camp Lejeune, North Carolina in the Wounded Warrior Battalion. *See* Sept. 19, 2019, Pl.'s Status Report [ECF 33].

2

complaint and for the government to file a motion to dismiss. Order, Sept. 1, 2021 [ECF 67]. On October 12, 2021, Mr. Turner filed a motion to amend his complaint seeking to add tort claims against the government, or in the alternative, requesting that the Court transfer his complaint back to the District Court. Pl.'s Mot. to Amend Compl. [ECF 68] at 2. Additionally, Mr. Turner claimed he was entitled to "treble damages" for his wrongful termination. *See id*. at 4-5. On November 10, 2021, the government moved to dismiss Mr. Turner's complaint for lack of subject matter jurisdiction and requested that the Court deny Mr. Turner's motion to amend his complaint and motion to transfer his case. Def.'s Mot. to Dismiss [ECF 69] at 1. On June 15, 2022, the Court granted the government's motion to dismiss, denied Mr. Turner's motion to amend his complaint and motion to transfer, and entered judgment accordingly. *See Turner v. United States*, 160 Fed. Cl. 242, 247-48 (2022).

On August 14, 2022, Mr. Turner filed a motion under the EAJA seeking $147,537.50 in attorney fees. Pl.'s Mot. for Att'y Fees [ECF 76]. The government filed its opposition to Mr. Turner's motion for attorney fees, *see* Def.'s Resp. [ECF 77], and Mr. Turner filed a reply, *see* Pl.'s Reply [ECF 80]. Mr. Turner's motion for attorney fees is fully briefed, and the Court has determined that oral argument is not necessary.

## II.  LEGAL STANDARDS

The EAJA creates an exception to the general rule that plaintiffs may not recover attorney fees from the United States. *See* 28 U.S.C. § 2412(d)(1)(A) (2018); *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983); *see also Davis v. Nicholson*, 475 F.3d 1360, 1363 (Fed. Cir. 2007) ("The EAJA is a fee-shifting statute that allows a party who prevails in a civil action brought by or against the government to recover attorney fees and costs."); *Sullivan v. Finkelstein*, 496 U.S. 617, 630 (1990) ("The purpose of the EAJA [is] to counterbalance the financial disincentives to vindicating rights against the Government through litigation[.]"). Eligibility under the EAJA requires that: (1) the requesting party be a "prevailing party;" (2) the government's position was not substantially justified; (3) no "special circumstances make [the] award unjust;" (4) the fee application be submitted within thirty-days of final judgment in the action; and (5) the prevailing party have a net worth as an individual of less than $2,000,000 at the time the action was filed. 28 U.S.C. § 2412(d)(1)(A), (d)(1)(B), (d)(2)(B); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). The plaintiff bears the burden of satisfying each of the eligibility requirements, then the burden shifts to the government to demonstrate that its position was substantially justified. *RAMCOR Servs. Grp., Inc. v. United States*, 185 F.3d 1286, 1288 (Fed. Cir. 1999).

## III.  DISCUSSION

Mr. Turner filed a timely motion under the EAJA in which he seeks $147,537.50 in attorney fees.[4] The government opposes Mr. Turner's motion on the grounds that, among other things, he has not established "prevailing party" status. Upon review of Mr. Turner's motion, the Court agrees that Mr. Turner has not satisfied the "prevailing party" requirement under the EAJA and, thus, he is not entitled to recover attorney fees.

---

[4] The government concedes that Mr. Turner's motion is timely. *See* [ECF 77] at 12.

3

To recover attorney fees under the EAJA, Mr. Turner must be a prevailing party in this litigation. *See* 28 U.S.C. § 2412(d)(1)(A). A "prevailing party" is one that has been awarded "at least some relief on the merits of his claim" by the court. *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001); *see also Davis*, 475 F.3d at 1363 (stating that the Federal Circuit "applie[s] the definition of 'prevailing party' in *Buckhannon* to EAJA cases."). "In other words, to prevail, a party must have received a judicial *imprimatur* tantamount to a judgment in favor of that party on the merits of the original claim." *Akers v. Nicholson*, 409 F.3d 1356, 1359 (Fed. Cir. 2005) (citing *Buckhannon*, 532 U.S. at 605).[5] However, a party is not a prevailing party—even if they obtain the relief they sought—if the relief obtained results from a voluntary change in the defendant's conduct. *See Buckhannon*, 532 at 605 ("A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change.")

A remand to an agency generally does not confer prevailing party status because "remands do not necessarily provide any relief on the merits[.]" *Davis*, 475 F.3d. at 1363. A remand to an agency can only confer prevailing party status "if the remand is predicated—either explicitly or implicitly—on administrative error." *Robinson v. O'Rourke*, 891 F.3d 976, 980-81 (Fed. Cir. 2018); *see also Ward v. U.S. Postal Serv.*, 672 F.3d 1294, 1299 (Fed. Cir. 2012) (stating that "remands not rooted in agency error do not result in prevailing party status"). To determine if a remand was based on agency error, the Court "looks to both the remand order itself and the context of the full record." *Crawford v. United States*, 157 Fed. Cl. 741, 744 (2022) (quotation marks omitted) (quoting *Martinez v. United States*, 94 Fed. Cl. 176, 182 (2010)); *see also Gurley v. Peake, M.D.*, 528 F.3d 1322, 1328 (Fed. Cir. 2008) (Whether or not a remand was based on an agency error "is not limited to the four corners of the remand order."). The burden is on the EAJA applicant to show "that the remand had to have been predicated on administrative error even though the remand order does not say so." *Davis*, 475 F.3d at 1366; *see also Robinson*, 891 F.3d at 981.

After Mr. Turner filed his transfer complaint, the parties filed a joint motion, seeking to stay further proceedings before the Court and to remand his case to the BCNR. Joint Mot. to Remand [ECF 6]. The Court granted the joint motion in an order that stated, in its entirely:

> On April 28, 2017, the parties filed a joint motion for a stay of proceedings and a remand to the [BCNR]. For good cause shown, the motion is GRANTED[.] [T]his case is STAYED and remanded to the BCNR for further consideration of Mr. Turner's claims related to his service in the Marine Corps.
>
> The parties shall file with this Court a joint status report every 60 days, beginning on July 3, 2017, and thereafter on the first business day of every other month, indicating their progress towards resolving Mr. Turner's claims.

---

[5] Judicial imprimatur is a "[a] general grant of approval[.]" *See Imprimatur*, Black's Law Dictionary (11th ed. 2019)

4

[ECF 7] at 1. Pertinent to Mr. Turner's motion for attorney fees, the Court's remand order did not identify or infer an agency error or otherwise address the merits of Mr. Turner's claims. *See* [ECF 7]. Furthermore, the joint motion requesting a remand to the BCNR explicitly stated that "[w]hile the United States is willing to seek further information in the interest of justice, this motion is not predicated upon an admission of error by the United States, the Navy, or the BCNR." [ECF 6] at 2 n.2. Because there was neither a judicial acknowledgement of administrative error nor a concession of error by the agency, the general rule is that the Court's remand order was procedural in nature and does not confer prevailing party status. *See Davis*, 475 F.3d at 1364; *Hughett v. United States*, 110 Fed. Cl. 680, 687 (2013). To overcome this general rule, Mr. Turner must demonstrate that the Court's remand order was premised on an administrative error. *See Robinson*, 891 F.3d at 981.

Mr. Turner argues that he is a prevailing party because he received some relief on remand and that the relief would not have been possible without filing this case. *See* [ECF 80] at 5-7. He cites to a quote from the government's response to his RCFC 52.2 notice that states, "Mr. Turner has now received all relief that the Court could grant him." *Id.* at 5 (quoting [ECF 57] at 2). He asserts that "[w]rongful termination is the basis of all relief [that he] has been granted up to and including April 19, 2021." *Id.* He further asserts that "[he] has unquestionably changed his legal relationship with the [government]" and "[b]ut for this litigation, [he] would have received nothing." *Id.* at 5, 7.

Despite Mr. Turner's arguments, the Court finds that Mr. Turner has not established prevailing party status under the EAJA because the remand of Mr. Turner's case to the BCNR was procedural and not premised on agency error. The Court's remand order cited "[f]or good cause shown" as the only explanation for the remand. *See* [ECF 7] at 1. In other words, the remand was premised on the reasons stated in the joint motion requesting that the Court remand the case to the BCNR. The joint motion stated that a remand to the BCNR "may conserve the resources of the parties and this Court" and would be "helpful" because it would allow the BCNR to "consider whether Mr. Turner should be provided additional relief based on the BCNR's prior decision substantiating discrimination against Mr. Turner." [ECF 6] at 1-2. Additionally, it stated that the BCNR will also "consider additional evidence produced by Mr. Turner's counsel." *Id.* at 2. Thus, the remand was predicated on judicial economy and the BCNR's desire to allow Mr. Turner a new opportunity to request additional relief. The BCNR sought to consider—in the first instance—whether Mr. Turner was entitled to the additional relief sought in his transfer complaint, in addition to the relief that he previously received from the BCNR. There is no indication in the joint motion for remand or the Court's remand order that the BCNR had erred by not previously granting the new relief sought by Mr. Turner in this case. Therefore, the remand does not confer prevailing party status. *See Robinson*, 891 F.3d at 983 (holding that administrative error cannot be inferred from a remand order when the Court remanded to allow a EAJA applicant to present new legal arguments); *Davis*, 475 F.3d at 1364 (finding that a remand to consider the EAJA applicants claims based on new evidence was not predicated on agency error); *Silva v. United States*, 138 Fed. Cl. 325, 332 (2018) (finding that a remand was not premised on administrative error when the remand order instructions were a "duplicate of the instructions that the parties already laid out in their joint motion to remand.").

Even the transfer complaint—the only substantive filing at the time of the parties' joint motion—does not indicate that the remand order was premised on administrative error. While the transfer complaint states Mr. Turner's claim that he was discriminated against, and that the discrimination had been substantiated by the government, nothing in the transfer complaint hints that the relief Mr. Turner requests in his transfer complaint was previously sought from the BCNR and incorrectly denied. *See* [ECF 4]. Further, nothing in the transfer complaint suggests that the BCNR erred in its previous attempts to grant relief for Mr. Turner's substantiated racial discrimination claims.[6]

Mr. Turner's argument that he is a prevailing party because he received some relief on remand does not satisfy his burden of showing that the Court's remand was premised on administrative error. Mr. Turner must show that the relief he obtained from the BCNR was achieved through the "necessary judicial *imprimatur* on the change." *Buckhannon*, 532 U.S. at 605; *see also Akers*, 409 F.3d at 1359. Obtaining relief through a defendant's voluntary change in conduct does not have the necessary judicial *imprimatur* to convey prevailing party status. *Buckhannon*, 532 U.S at 607 ("We cannot agree that the term 'prevailing party' authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the 'sought-after destination' without obtaining any judicial relief."). The remand must still be premised on administrative error. *See Robinson*, 891 F.3d at 980-81. Aside from the relief he obtained at the BCNR, Mr. Turner has not identified anything in the Court's remand order, the parties' joint motion to remand, or in the record before the Court at the time of the remand that indicates that the remand was premised on administrative error. By failing to do so, Mr. Turner has failed to show that the remand of his case to the BCNR was tantamount to a judgment in his favor on the merits of his claim, instead of a voluntary change of conduct by the BCNR. *See Robinson*, 891 F.3d at 980-81 (stating that to confer prevailing party status, a remand must be "predicated—either explicitly or implicitly—on administrative error"); *Ward*, 672 F.3d at 1299 ("[R]emands not rooted in agency error do not result in prevailing party status."); *Crawford*, 157 Fed. Cl. at 745 (rejecting arguments for prevailing party status that "rel[y] in large part on matters that were not before the court at the time it remanded the case and therefore could not have served as the predicate for the remand decision.").

---

[6] The procedural nature of the remand to the BCNR is further supported by the BCNR's first decision on remand. For this decision, the BCNR considered the same relief that was requested in Mr. Turner's transfer complaint. *Compare* [ECF 4] at 3 *with* [ECF 12] at 2. The BCNR initially found "no basis or authority to grant a cash award, promotion, or retirement, and conclude[d] that prior BCNR action was sufficient remedy to alleged injustices, and [that] further relief [was] not warranted or appropriate." [ECF 12] at 3. Regarding Mr. Turner's wrongful termination claim, the BCNR held that there was no basis or authority to award to any monetary relief, promote Mr. Turner, or grant Mr. Turner a retirement of twenty years. *Id.* at 2. However, the BCNR did note:

> It is regretted that the circumstances of your case are such that favorable action cannot be taken at this time. You are entitled to have the Board reconsider its decision upon the submission of new and material evidence. New evidence is evidence not previously considered by the Board. You are also entitled to a new Board if you request different relief.

*Id.* at 3. Mr. Turner did not receive any additional relief from the BCNR until he modified the relief he sought in later petitions. *See* [ECFs 14, 18, 56].

## IV. CONCLUSION

As explained above, Mr. Turner has not met his burden to establish prevailing party status as required to recover attorney fees under the EAJA. Accordingly, Mr. Turner's motion for attorney fees [ECF 76] is **DENIED**.

**IT IS SO ORDERED.**

                                              s/ Thompson M. Dietz
                                              THOMPSON M. DIETZ, Judge